**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4122**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARYL SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:24-cr-00015-JPB-JPM-10)

Submitted:  May 20, 2026                    Decided:  August 5, 2026

Before WILKINSON, WYNN, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Richard W. Weston, WESTON LAW, Huntington, West Virginia, for Appellant.  Randolph J. Bernard, Acting United States Attorney, Carly Cordaro Nogay, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daryl Smith appeals his 120-month sentence following his guilty plea to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Smith argues that the Government breached the plea agreement by advocating for a sentence above the guidelines range when it referred to his criminal history as "understated," thus impliedly advocating for an upward variance. We affirm.

"Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (cleaned up). However, because Smith did not object to the Government's advocacy at sentencing, we review for plain error. *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009). An error is plain when it is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Here, the Government fulfilled its duties under the plea agreement when it recommended to the court "that [Smith be] sentenced within the guideline range." J.A. 85.[*] And while the Government did spend much of its time at sentencing emphasizing Smith's understated criminal history, it did so only after Smith himself spent significant time downplaying his criminal history. It was not plain error for the district court to find that such a discussion was within the bounds of the plea agreement, which expressly allowed the Government "to respond to any written or oral statements made . . . by Defendant or his counsel." J.A. 68.

---

[*] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

2

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*